1    LAURENCE D. STEINSAPIR (30605)
      STUART LIBICKI (57626)
2    DOLLY M. GEE (114493)
      SCHWARTZ, STEINSAPIR, DOHRMANN and SOMMERS LLP
3    6300 Wilshire Boulevard, Suite 2000
      Los Angeles, California 90048-5268

4

5    Telephone:  (323) 655-4700
      Facsimile:  (323) 655-4488
      Email:  sl@ssdslaw.com
6            dmg@ssdslaw.com

7    Attorneys for Plaintiff California Teachers Association

8

9    JEFFREY S. WHITTINGTON (236028)
      NICHOLAS W. SARRIS (242011)
10   KAUFMAN, BORGEEST & RYAN, LLP
      23975 Park Sorrento, Suite 370
      Calabasas, California  91302

11

12   Telephone:  (818) 880-0992
      Facsimile:   (818) 880-0993
      Email:   jwhittington@kbrlaw.com
13           nsarris@kbrlaw.com

14   Attorneys for Defendant RSUI Indemnity Company

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17                  **CENTRAL DIVISION**

18

19

20   CALIFORNIA TEACHERS        **CASE NO.  CV 08-8317 ODW (Ex)**
      ASSOCIATION,

21           Plaintiff,           ~~**[PROPOSED]**~~ **ORDER RE**
                           **CONFIDENTIALITY OF**
22   vs.                           **INFORMATION PRODUCED IN**
                           **DISCOVERY**
23   RSUI Indemnity Company; DOES 1-
      100,

24

25           Defendant.

26

27

28

1   The parties to this action, through their counsel of record, having entered
2   into a stipulation containing the following terms, the Court hereby ORDERS that:
3   1.   This Protective Order shall govern the production, use and handling of
4   confidential documents and information produced by the parties in any form
5   (collectively "Material") in the above-captioned litigation.   The parties may
6   designate Material as "Confidential" by placing a "Confidential" stamp on each
7   page so designated, for each document or item of information that the party
8   believes in good faith should be afforded protection as "Confidential." By way of
9   illustration, such confidential information includes third party personnel
10   information and social security numbers, third party medical information, sensitive
11   financial information, and proprietary information of the California Teachers
12   Association ("CTA"), the Teachers Association of Long Beach ("TALB"), or
13   RSUI Indemnity Company ("RSUI"), such as its computer systems and organizing
14   and negotiating strategies. Where practicable, the parties will endeavor to redact
15   such confidential or proprietary information if it is not otherwise relevant to the
16   litigation.
17   2.   CTA may also designate Material it believes in good faith to be highly
18   confidential as "Attorneys Eyes Only" by affixing a stamp reading "Attorneys
19   Eyes Only" to each page of the document. By way of illustration, such highly
20   confidential information includes oral and written testimony provided in
21   confidence by TALB members to CTA, in which such TALB members
22   communicated to CTA their political views regarding TALB and certain TALB
23   personnel, in reliance upon CTA's assurances that their testimony would be kept
24   confidential.
25   3.   All Material designated "Confidential" or "Attorneys Eyes Only"
26   pursuant to this Protective Order shall be used solely for the prosecution and/or
27   defense of the above-captioned action and shall not be used by the parties or their
28   counsel for any other purpose whatsoever.

1

1    4.    No Material designated "Confidential" or "Attorneys Eyes Only"

2    pursuant to this Protective Order shall be shown, revealed, released, disclosed, or

3    communicated in any way to any person or entity, except those listed in Paragraphs

4    5 and 6 below, without the advance written authorization of the affected party. The

5    parties and their counsel will make all reasonable efforts to store, transfer, transmit,

6    maintain and handle all Material marked "Confidential" and "Attorneys Eyes

7    Only" in a manner that will prevent the unauthorized disclosure thereof.

8    5.    Material designated as "Confidential" may only be disclosed to the

9    following:

10         a.    The Court in which this action is pending, pursuant to

11               Paragraph 8 of this Protective Order;

12         b.    The attorneys of record for the parties to this litigation, their

13               respective associates, partners, clerks, paralegals, legal

14               assistants, secretaries, and other support staff who are actively

15               engaged in assisting such attorneys in the prosecution or

16               defense of this litigation;

17         c.    Experts retained or consulted by any party or their counsel as

18               required to assist in the conduct of this litigation, to the extent

19               that counsel of record determines that disclosure is necessary

20               for the prosecution or defense of this litigation, provided that

21               prior to disclosure, any such expert is provided with a copy of

22               this Protective Order and acknowledges in writing that he or

23               she agrees to be bound by these terms;

24         d.    The parties to this litigation; and

25         e.    Clerical or ministerial service providers, including outside

26               copying services and court reporters, retained by a party's

27               counsel to assist such counsel in connection with this litigation.

28

2

6.     Material marked "Attorneys Eyes Only" may be disclosed to the following persons only:

a.     The attorneys of record for the parties to this litigation, their respective associates, partners, clerks, paralegals, legal assistants, secretaries, and other support staff who are actively engaged in assisting such attorneys in the prosecution or defense of this litigation or the related litigation; and

b.     The Court in which this action is pending, pursuant to Paragraph 8 of this Protective Order.

7.     A party may object to the other party's designation of any document(s) or information as "Confidential" or "Attorneys Eyes Only." In the event of an objection, the parties shall meet and confer in an effort to resolve the issue. If the parties cannot resolve the dispute informally, the parties agree that on motion of the party designating the material as "Confidential" or "Attorneys Eyes Only," the Material in question will be submitted to the Court for *in camera* review and appropriate resolution of the dispute, provided that the designating party must file its motion within fourteen (14) days after the parties last met and conferred and declared an impasse, or the designating party waives such designation. Pending a resolution of the disputed designation, Materials designated as "Confidential" or "Attorneys Eyes Only" will be treated in accordance with Paragraphs 3, 4, 5, and 6.

8.     If any party wishes to submit Material designated "Confidential" or "Attorneys Eyes Only" to the Court, the parties shall meet and confer at least 48 hours before using the procedures set forth in Local Rule 79-5.

9.     Within thirty (30) days of the conclusion of all proceedings, the parties shall return all Material designated as "Confidential" and/or "Attorneys Eyes Only" to the producing party or, if requested by the producing party, destroy the Material.

3

1        10.    This Protective Order shall continue to be binding throughout this

2    litigation and after its conclusion, including all appeals.  The final determination of

3    this action shall not relieve any person to whom "Confidential" or "Attorneys Eyes

4    Only" material has been disclosed from the obligation of maintaining the

5    confidentiality of such information as set forth herein.

6    11.    Nothing herein shall operate as a waiver of the right of any person to object

7    on any ground to the admissibility of Material designated as "Confidential" or

8    "Attorneys Eyes Only" in connection with any dispositive motions or at the time of

9    trial.

10

11

    IT IS SO ORDERED.

12

13

DATED:  September _10_ , 2009

14

15        HON. CHARLES F. EICK
    UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

4